IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | No. CR-15-126-C |
| | ) | CIV-20-527-C |
| CURTIS ALLEN ANTHONY, | ) | |
| | ) | |
| Defendant | ) | |

MEMORANDUM OPINION AND ORDER

Defendant filed a pro se Motion pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence. The Court appointed counsel to assist Defendant and counsel filed an Amended Motion. In the Amended Motion, Defendant argues that his trial counsel was ineffective in two respects – 1) in failing to file an appeal of his convictions and sentences and 2) that a conflict of interest existed during trial counsel's representation of him at trial. Plaintiff has filed a Response arguing Defendant has not demonstrated he is entitled to relief. The Court conducted a hearing and heard the testimony of Defendant, his ex-wife, and his trial counsel.

To prevail on an ineffective assistance of counsel claim, Defendant must demonstrate that his attorney performed deficiently and that the performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687 (1984). "To establish deficient performance, a defendant must show 'counsel's representation fell below an objective standard of reasonableness.'" United States v. Deiter, 890 F.3d 1203, 1209 (10th Cir. 2018) (quoting Strickland, 466 U.S. at 688). "To establish prejudice, '[t]he defendant

must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Deiter, 890 F.3d at 1209 (quoting Strickland, 466 U.S. at 694). "The focus of the inquiry is 'whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair.'" Deiter, 890 F.3d at 1209 (quoting Lockhart v. Fretwell, 506 U.S. 364, 372 (1993)).

Defendant's first argument is that his trial counsel failed to appeal his conviction and sentence. According to Defendant, he instructed counsel to file the appeal shortly after trial, yet his trial counsel did not file the appeal. Defendant supports this assertion with an affidavit. The failure to file an appeal when requested by a client is ineffective assistance of counsel. See Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000); United States v. Williamson, 859 F.3d 843, 851 (10th Cir. 2017). There is no requirement of proof that the appeal has merit. Peguero v. United States, 526 U.S. 23, 28 (1999). If Defendant did in fact tell trial counsel to file an appeal and counsel failed to do so, Defendant is entitled to relief. Id. In response to Defendant's Motion, Plaintiff has filed an affidavit from trial counsel which states the only issue Defendant wished to appeal was the restitution issue and that issue was appealed. Plaintiff also notes that Defendant's story regarding his conversations with trial counsel have changed over time. When Defendant first filed a § 2255 Motion, that document asserted that he was "not offered to appeal by counsel."

(Dkt. No. 470). Now Defendant states a conversation did occur, but that trial counsel only appealed the restitution, contrary to Defendant's request. At the hearing, Defendant recounted a very abrupt meeting with counsel and stated that was the only meeting between conviction and sentencing. According to Defendant, he told counsel at that meeting he wanted to "appeal my case." Trial counsel testified that he had several post-trial meetings with Defendant and that despite his urging, Defendant did not want to appeal his conviction or sentence. According to trial counsel's testimony, Defendant was concerned that if he appealed, he would get a longer sentence. Trial counsel testified that Defendant's primary concern was the restitution issue, as Defendant had a business deal that was his "retirement plan."

After consideration of the arguments raised in the pleadings and the testimony at trial, the Court finds Defendant only sought to appeal the restitution issue. This determination is based on Defendant's changing story in his various § 2255 Motions, and the lack of credibility in Defendant's testimony. Contrary to Defendant's testimony at the evidentiary hearing, the billing records of trial counsel reflect trial counsel and Defendant met approximately twice a month in six months following the jury's verdict.\* Further challenging Defendant's version of events is the fact that trial counsel did in fact file an appeal. It strains belief to find that trial counsel would appeal one aspect of the trial at

---

\* Trial counsel's time records were not submitted as evidence at the evidentiary hearing. However, pursuant to 28 U.S.C. § 2255(b) the Court may consider the "files and records" of the case in determining if relief is warranted.

Defendant's request but not add in the additional aspects of which Defendant now complains. Trial counsel's willingness to challenge rulings of the Court is evidenced by his prior appeal of the dismissal and reinstatement of the Superseding Indictment. These facts strongly suggest that trial counsel would have appealed any issue requested by Defendant. The Court finds Defendant lacks credibility and his testimony will be disregarded. Thus, the only logical conclusion from the facts before the Court is that the restitution issue was the only issue Defendant requested be appealed. Defendant's Motion will be denied on this issue.

Defendant's second argument of ineffective assistance is based on trial counsel's allegedly inappropriate contact and requests of Defendant's then wife. According to Defendant, during his representation trial counsel repeatedly made sexual innuendoes, requested private meetings, sought contact on social media, and other conduct seeking unprofessional contact with the woman. The Court finds Defendant's ex-wife's testimony too general to offer any meaningful weight on the issue. Defendant's ex-wife could recount only one specific interaction with trial counsel which occurred at Defendant's initial appearance. Other than that, her testimony was limited to discussion of her feelings about trial counsel rather than any specific conduct. In an effort to bolster his claim, Defendant directs the Court to complaints by other women about trial counsel. Defendant notes that these contacts occurred during trial counsel's representation of him and that trial counsel was disciplined by the Oklahoma Bar Association for this conduct.

"The Sixth Amendment's guarantee of the right to counsel 'includes the right to representation that is free from conflicts of interest.'" United States v. Williamson, 859 F.3d 843, 851 (10th Cir. 2017) (quoting Gardner v. Galetka, 568 F.3d 862, 886 (10th Cir. 2009)). A conflict can be either actual or potential. "An actual conflict of interest therefore means a 'conflict that *affected counsel's performance*—as opposed to a mere theoretical division of loyalties.'" Williamson, 859 F.3d at 852 (quoting Mickens v. Taylor, 535 U.S. 162, 171 (2002)). Defendant does not offer any evidence that the alleged interaction with his ex-wife affected counsel's performance. Therefore, Defendant has not demonstrated an actual conflict existed. Before it can support an ineffective assistance of counsel claim, a potential conflict must convert to an actual conflict. Williamson, 859 F.3d at 852. This conversion occurs when "over the course of litigation, the defendant's interests actually clash with his attorney's interests." Id.

After consideration of the arguments raised by Defendant, as well as the evidence offered at the hearing, the Court finds Defendant has failed to offer any evidence or argument that trial counsel's interaction with his ex-wife created a situation where trial counsel's interests conflicted with Defendant's interest. The Court notes that the one specific incident occurred nearly two years before trial, yet Defendant's ex-wife never voiced her concerns to any Court personnel or made any report to the Oklahoma Bar Association. Consequently, the Court finds the testimony to have minimal evidentiary value in determining whether the alleged interactions support an ineffective assistance of

counsel claim. Thus, Defendant has failed to demonstrate conflict of interest sufficient to demonstrate his trial counsel was ineffective.

## **CONCLUSION**

For the reasons set forth herein, Defendant's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. Nos. 564, 5) is DENIED. A separate judgment will issue.

IT IS SO ORDERED this 30th day of November 2022.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge